## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBERT HURST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV1310 RLW |
| | ) |
| MIDWEST PARTS AND EQUIPMENT CO. | ) |
| d/b/a MIDWEST SYSTEMS, INC., and | ) |
| JAMES NEUN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 9). Defendants have filed a brief in opposition to Plaintiff's motion. Plaintiff has not filed a reply, and the time for doing so has expired. Upon review of the motion and related memoranda, the Court will grant Plaintiff's motion.

## Background

On June 3, 2015, Plaintiff filed a *pro se* Petition for Damages in the Circuit Court of St. Louis County, Missouri. (Pet., ECF No. 6) Counsel for Plaintiff entered his appearance on June 8, 2015. (Notice of Removal Ex. 1 p. 11, ECF No. 1-1) Venue was transferred to the Circuit Court of the City of St. Louis, Missouri on July 10, 2015. (Notice of Removal ¶ 4, ECF No. 1) In his Petition, Plaintiff maintains that Defendants unlawfully discriminated against him on the basis of race and age in violation of the Missouri Human Rights Act ("MHRA"), when Defendants terminated Plaintiff's employment on or about October 29, 2013. (Pet. ¶ 7) Plaintiff timely filed a Charge of Discrimination with the appropriate state agency, the Missouri Commission on Human Rights ("MCHR"). (Pet. ¶ 8, Ex. 1, ECF No. 6-1) The Charge filed

with the state agency was considered dually filed with the federal agency. (*Id.*) On March 17, 2015, Plaintiff received a Notice of Right to Sue issued by the MCHR and fulfilled his administrative perquisites to filing a state law cause of action in state court. (Pet. ¶ 9, Ex. 2, ECF No. 6-1) Plaintiff then filed his Petition in state court, attaching only the Charge and the Notice of Right to Sue issued by the MCHR. (Pet. Ex. 1, 2, ECF No. 6-1)

On August 25, 2015, Defendants filed a Notice of Removal, claiming that Plaintiff filed charges with both the state agency, the MCHR, and the federal agency, the Equal Employment Opportunity Commission ("EEOC"). Therefore, Defendants assert that Plaintiff's federal law claims are under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 ("ADEA"). Thus, Defendants contend that this Court has original jurisdiction over Plaintiff's cause of action based on a federal question.

## Legal Standards

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994) (citations omitted). A party may remove an action to federal court only if it could have been brought in federal court originally. *Peters v. Union Pac. R.R. Co.,* 80 F.3d 257, 260 (8th Cir. 1996). In removal cases, the Court reviews the state court petition and the notice of removal in order to determine whether it has jurisdiction. *Branch v. Wheaton Van Lines, Inc.*, No. 4:14-CV-01735, 2014 WL 6461372, at *1 (E.D. Mo. Nov. 17, 2014). "Where the defendant seeks to invoke federal jurisdiction through removal, . . . , it bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)

(citation omitted). District courts are to resolve all doubts regarding federal jurisdiction in favor of remand. *In re Business Men's Assur. Co. of Am.*, 992 F.3d 181, 183 (8th Cir. 1993).

Defendant has removed this case based on federal question jurisdiction. Under 28 U.S.C. § 1331, "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Whether a defendant may remove a case based on federal question jurisdiction is determined by the 'well-pleaded complaint' rule." *Kaufman v. Boone Ctr., Inc.*, No. 4:11CV286 CDP, 2011 WL 1564052, at \*1 (E.D. Mo. Apr. 25, 2011) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)). This rule makes plaintiff the master of his or her claim such that the plaintiff may avoid federal jurisdiction by relying on state law exclusively. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case is ordinarily not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's complaint." *Kaufman*, 2011 WL 1564052, at \*1. To state a claim, a well-pleaded complaint "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007)).

## Discussion

In his Motion for Remand, Plaintiff asserts that his pleadings demonstrate that he is seeking relief exclusively under state law. Plaintiff maintains that, other than referencing that his Charge of Discrimination with the MCHR was considered dually filed with the EEOC, nothing in his Petition refers to federal law or indicates that he is filing federal claims. Indeed, he only attaches the Notice of Right to Sue from the MCHR, not the EEOC.

3

However, Defendants maintain that Plaintiff's reference to the EEOC/MCHR Charge was broad enough to include a federal question under Title VII and the ADEA. Although in one paragraph the Plaintiff mentions filing a claim dually with the EEOC and MCHR, his Petition references and attaches only his Notice of Right to Sue from the MCHR. Plaintiff claims that the "contributing cause" for his discharge was race and age, which standard is the standard applied by Missouri state courts and the MHRA. *See Jones v. Galaxy 1 Marketing, Inc.*, __ S.W.3d __, 2015 WL 9304452, at *12 (Mo. Ct. App. Dec. 22, 2015) ("An employee alleging racial discrimination need only prove that race was a 'contributing factor' in the employer's decision."). Further, Plaintiff chose to file his petition in Missouri state court, not federal court. "'In general, federal courts give considerable deference to the plaintiff's choice of forum.'" *Kaufman*, 2011 WL 1564052, at *2 (quoting *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997)).

Additionally, courts in this district have found that a few references to the EEOC are insufficient to allege a claim under federal law. *See Fouche v. Mo. Am. Water Co.*, No. 4:11-CV-1622 CAS, 2012 WL 2718925, at *5 (E.D. Mo. July 9, 2012) (finding that references to EEOC not enough to allege a Title VII claim, especially where "the charge was not attached to the Complaint, there is no reference in the Complaint to Title VII, and the plaintiff prays for relief solely under the MHRA); *Kaufman*, 2011 WL 1564052, at *3 (stating that plaintiff's incorporation of the EEOC/MCHR Charge and references to disabled persons and the ADA simply explained her state law retaliation claim and did not "arise under" any federal law). Indeed, in Plaintiff's Motion to Remand, he contends that he is not asserting a claim under federal law but intends to rely solely on state law. *See Fouche*, 2012 WL 2718925, at *5 (taking into account plaintiff's assertion that he is not stating a claim under federal law). Thus, the Court

4

will resolve all doubts about the propriety of removal in favor of remand. In addition, the Court

in its discretion will not require Defendants to pay attorney's fees and costs as requested in

Plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 9) is

**GRANTED.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the

City of St. Louis, State of Missouri, from which it was removed.

Dated this 8th day of February, 2016.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**